IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Charmaine Prater, | : | |
| Debtor. | : | Case No. 10-14588 (MDC) |

**MEMORANDUM OPINION IN SUPPORT OF JUNE 28, 2010 ORDER DENYING DEBTOR'S REQUEST TO WAIVE CREDIT COUNSELING REQUIREMENT IMPOSED BY 11 U.S.C. § 109(h)(i) AND MOTION TO FILE UNDER SEAL**

BY:   MAGDELINE D. COLEMAN
       UNITED STATES BANKRUPTCY JUDGE

I.  **INTRODUCTION**

On June 23, 2010, the Court conducted a hearing on Charmaine Prater's (the "Debtor") request that this Court grant her a waiver pursuant to 11 U.S.C. § 109(h)(3) from the credit counseling requirement imposed by 11 U.S.C. § 109(h)(1), and her motion to file her bankruptcy papers under seal. After considering the Debtor's pleadings and the evidence presented at hearing, the Court issued a bench ruling denying the Debtor's waiver request and dismissing the Debtor's case for failure to comply with the requirements of 11 U.S.C. § 109(h)(1). The Court also denied the Debtor's motion to file under seal as moot in light of its dismissal of the Debtor's bankruptcy case. Following the hearing, the Court issued an Order, dated June 28, 2010 (the "Order"), denying the waiver request and the motion to file under seal, and dismissing the Debtor's bankruptcy case. *See* Docket No. 46. On June 24, 2010, prior to the entry of the Order; the Debtor appealed the Court's ruling.[1]  *See* Docket No. 41.

---

[1] Pursuant to Bankr. R.C.P. 8001(a), the Debtor's appeal is treated as filed after the entry of the Order and on the date thereof.

This Memorandum Opinion is consistent with the Court's June 23, 2010 bench ruling and is submitted pursuant to Local Rule 8001(h)[2] to further expound upon the reasons for the Order. The discussion below also constitutes the Court's findings of facts and conclusions of law.

## II.    PROCEDURAL BACKGROUND

On June 2, 2010, the Debtor acting *pro se*, filed a bankruptcy petition under chapter 13 (the "Petition") of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"). On the same day, the Debtor filed a copy of Official Form 1, Exhibit D titled "Individual Debtor's Statement of Compliance with Credit Counseling Requirement. In this document, the Debtor stated that she had not received counseling and requested a temporary waiver due to exigent circumstances. In support of the request, the Debtor provided her "Certification of Exigent Circumstances."[3] The Court found that the Debtor's Certification of Exigent Circumstances was on its face insufficient to meet the requirements of 11 U.S.C. § 109(h)(3) ("Credit Counseling Waiver"). As a result, the Court issued an Order dated June 9, 2010, requiring that the Debtor appear before the Court to show cause whether exigent circumstances merit a temporary waiver of the credit counseling requirement. A hearing was scheduled for June 23, 2010, to consider this issue. On

---

[2] Local Rule 8001-1(b) provides:  Opinion in Support of Order.  The bankruptcy judge whose order is the subject of an appeal may, within 15 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion.  L.B.R. 8001-1(b)(2008).

[3] The Debtor checked box number three (3) of Form 1 indicating:

> "I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of credit counseling requirement so I can file my bankruptcy case now."

The Debtor also provided a written summary of the circumstances that prevented her from completing her credit counseling prior to the filing of her petition.  She wrote:

> "The sale of my residence 6641 Lebanon Ave., Phila, PA 19151 today 6/2/10.  Multiple fraudulent mortgages taken out.  Several claims made on my credit report etc…"

The remainder of her statement is both illegible and unintelligible.

2

June 7, 2010, the Debtor filed the Motion to Seal. Because the Motion to Seal was filed as an "emergency," a hearing on the matter was also scheduled for June 23, 2010.

Thereafter, on June 11, 2010, the Debtor filed a Certificate of Credit Counseling certifying that the Debtor participated in a telephonic briefing on June 10, 2010, that complied with the provisions of 11 U.S.C. §§ 109(h) and 111(a). On that same date, the Debtor filed a Motion to Rescind the June 23, 2010 Hearing (the "Motion to Rescind"). In the Motion to Rescind, the Debtor offered further support of her claim that exigent circumstance existed requiring waiver of the pre-filing counseling requirement. She also made several allegations relating to the circumstances of her bankruptcy that in her opinion require her bankruptcy papers to be filed under seal.[4] The Court issued an Order denying the Debtor's Motion to Rescind and providing that all matters scheduled for consideration by the Court for June 23, 2010, would be heard as scheduled.

The Debtor appeared at the scheduled hearing and offered testimony and documentary

---

[4] The Debtor made the following two allegations that relate to her Motions. In paragraph four, she wrote:

> "Due to the identity theft and the fact that most of the credit counseling is conducted via phone and or internet, movant made contact with credit council Money Management prior to the listing of the hearing as her information and certificated was delayed until a supervisor adjusted problem."

Motion to Rescind, ¶4.

In her concluding paragraph, she wrote:

> "Where'as [sic], the movant motion to rescind June 23, 2010 hearing and to acknowledge the certificate of pre-filing, as movant was told by Attornye [sic] Chew that the property residence was scheduled for sheriff sale on June 02, 2010 causing movant to file an emergency bankruptcy filing and the forms at bankruptcy court was not supplied to movant prior to 06/16/10. The complaint and sheriff sale writ was not served therfore [sic] movant went on verbal communication form attorney Chew from Philadelphia Sheriff Department, as the sale have been rescheduled for July 13, 2010 for attorney Peter E Meltzer claiming to be attorney for the alleged lender "Equity One", as attorney Hillary Bonial entered her appearance in bankruptcy court as attorney for lender alleging Litton Mortgage for same property as well as others."

Motion to Rescind, ¶ Where'as.

evidence in support of her request and motion. Also in attendance were representatives of the Office of the United States Trustee and the Chapter 13 trustee. The trustees opposed the Debtor's waiver request and motion to file under seal and each cross-examined the Debtor. The Debtor provided wide-ranging and often inconsistent testimony. She also attempted to enter into evidence 23 documents. The documents related to two subjects: (1) the validity of the mortgages on her properties; and (2) the circumstances of the alleged identity theft that motivate her desire to file certain documents under seal. None evidenced any attempt by the Debtor to request credit counseling services prior to the filing of her bankruptcy Petition. Moreover, the Debtor admitted in her testimony that she did not request credit counseling services until June 8th, six days after she filed her Petition.

### III. **FACTUAL BACKGROUND**

The Debtor's residence located at 6641 Lebanon Ave., Philadelphia, PA 19151 (the "Property") was apparently scheduled for a sheriff sale to occur on June 2, 2010 (the "June Sale"). The June Sale was a continuation of a previously scheduled sale that was to occur sometime in February or March of this year (the "Original Sale"). Although the Debtor provided no evidence that a June Sale was actually scheduled, this Court finds that at the time she filed her Petition she believed that the June Sale was scheduled and her filing of her Petition was necessary to prevent it.

The Debtor claims that she was never served with notice of either the Original Sale or June Sale. However, the Debtor was clearly aware that foreclosure proceedings were ongoing. According to the Debtor's testimony, she obtained a stay of the Original Sale as a result of

actions she initiated in Pennsylvania state court (the "State Court Proceedings").[5] In addition, she admitted to contacting the Sheriff's office at least three times between March and June to inquire as to the status of the sale of the Property.

On June 1st, the day before she filed the Petition and the day before the June Sale, the Debtor visited the Sheriff's office in person. There, she learned that the Sheriff was going forward with the June Sale. Initially, she claimed that prior to her visit she was completely ignorant that the June Sale had been scheduled. However, later testimony indicated that the Debtor's surprise was in fact caused by a mistaken belief that the State Court Proceedings would prevent the Sheriff's office from conducting the June Sale.

Prior to visiting the Sheriff's office on June 1st, the Debtor undertook several actions in contemplation of filing her bankruptcy petition to prevent the occurrence of the June Sale. During the week beginning May 24th, she visited a library where she obtained a book explaining the bankruptcy process. Also prior to her filing, she discussed the bankruptcy process with an acquaintance who had previously filed a chapter 13 petition. In addition, the Debtor contacted an attorney prior to the filing of her bankruptcy petition. Despite these actions, the Debtor claims to have had no knowledge of the credit counseling requirement prior to filing her bankruptcy petition.

### IV. <u>LEGAL ANALYSIS</u>

**The Credit Counseling Requirement**

Section 109(h)(1) provides that an individual may not be a debtor in a bankruptcy case unless, within the 180-day period prior to the filing of the bankruptcy petition, the individual has

---

[5] The record before the court does not contain any evidence establishing the current status of the State Court Proceedings.

received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. § 111(a) (the "Credit Counseling Requirement").[6] *See In re Hoshan*, Civ. No. 07-2931, 2008 WL 81994, at *3 (E.D. Pa. Jan. 7, 2008) ("The law is clear... that a debtor must get credit counseling before filing the bankruptcy petition."). By her own testimony, the Debtor has admitted to have undertaken no pre-petition efforts to comply with 11 U.S.C. § 109(h)(1). Because she did not comply with § 109(h)(1) prior to filing her Petition, the Debtor asks this Court to grant her a temporary waiver of the Credit Counseling Requirement pursuant to 11 U.S.C. § 109(h)(3).

Section 109(h)(3) provides that an individual may be exempted from the Credit Counseling Requirement for a thirty-day period after the filing of the bankruptcy petition if the individual submits a certification that: (1) describes the exigent circumstances that merit a temporary waiver of the Credit Counseling Requirement; (2) states that the individual requested during the 180-day, pre-petition period credit counseling from an approved credit counseling agency and was unable to obtain the services during the seven-day period beginning on the date that the request was made; and (3) is satisfactory to the court (a "Certification of Exigent Circumstances"). *See In re Kaufman*, Bky. No. 08-11087, 2008 WL 706951, at *2 (Bankr. E.D. Pa. Mar. 14, 2008) (Frank, B.J.) (finding that because the debtor "made no representation that he attempted to obtain credit counseling services *prior to the filing of the bankruptcy case*" the

---

[6] 11 U.S.C. § 109(h)(1) reads:

"(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in § 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

11 U.S.C. § 109(h)(1).

debtor was ineligible for a § 109(h)(3) waiver) [emphasis in original]; *In re Tomco*, 339 B.R. 145, 155 (Bankr. W.D. Pa. 2006) (requiring the debtor certify that she requested credit counseling during the 180-day period prior to the commencement of the bankruptcy case). Each element of § 109(h)(3) must be established before a court may grant an extension of time to complete credit counseling. *See In re DiPinto*, 336 B.R. 693, 696 (Bankr. E.D. Pa. 2006) (Raslavich, C.B.J.) (stating that § 109(h)(3) establishes a conjunctive test).

### a. Exigent Circumstances Must Merit a Waiver

The Debtor argues that the June Sale constituted exigent circumstances that precluded her from completing her credit counseling prior to the filing of her Petition. This Court notes that courts are split as to whether a debtor may rely upon an impending foreclosure sale to establish the existence of exigent circumstances. *Compare DiPinto*, 336 B.R. at 696-97 ("Courts interpreting this term agree that an imminent foreclosure sale or repossession constitutes an exigency.") with *In re Wilson*, 346 B.R. 59, 63-4 (Bankr. N.D.N.Y. 2006) (recognizing that courts find notice procedures preclude a foreclosure sale from constituting exigent circumstances). However, this Court need not reach this issue. Rather, this Court finds that the Debtor failed to establish that the exigent circumstance she relies upon "*merit a waiver.*"

As noted by the Court in *DiPinto*, 336 B.R. at 697, "[t]he statute requires that the Court find that there are exigent circumstances that 'merit a waiver' of the requirement that the debtor obtain counseling services prior to filing." In *DiPinto*, the debtor filed her petition without first completing the Credit Counseling Requirement. She claimed to have been prevented due to an impending foreclosure sale scheduled for the following day. Unlike the facts now before this Court, the debtor in *DiPinto* "sought credit counseling at approximately 5:00 p.m. on the

afternoon prior to the date of the scheduled foreclosure sale on her residence." *Id.* at 697. Despite making a pre-petition request, the Court found that the debtor's effort did not merit a waiver. "Although the Sheriff's Sale was to occur within a matter of hours, the Debtor certainly could have tried to contact other credit counseling agencies." *Id.* at 698.

Here, unlike the Debtor in *DiPinto*, the Debtor admits having made no attempt to contact a credit counseling agency prior to filing her Petition. Despite being actively engaged in the State Court Proceedings, the Debtor admits to have had approximately 24-hours notice of the June Sale. As recognized by the Court in *DiPinto,* this amount of time appears to have been sufficient to have fulfilled the Credit Counseling Requirement and would weigh against finding that her circumstances merit a waiver. However, as noted above, this Court need not decide whether the circumstances of the Debtor's foreclosure proceedings constitute "exigent circumstances that *merit a waiver*."[7] As discussed below, the Debtor's failure to make any pre-petition request prevents her from complying with § 109(h)(3)(ii).

### b. The Debtor Did Not Request Credit Counseling During the Pre-Petition Period

To be eligible for a waiver, the Debtor must have requested credit counseling during the 180-day, pre-petition period. *See* 11 U.S.C. § 109(h)(3)(ii); *Kaufman*, 2008 WL 706951, at *2 (recognizing that a debtor must make "an attempt *prior to the filing of the bankruptcy case*")

---

[7] Because of her poor credit that she attributes to being the victim of identity theft, the Debtor does not possess a credit card. Despite completing her counseling via telephone after filing her Petition, she claims that being without a credit card would have precluded her from completing the credit counseling via telephone or the Internet prior to filing her Petition. However, the Debtor's argument misunderstands her burden. Even if it is true that the credit counseling agencies offering telephonic or Internet briefings require a credit card, the Debtor did not learn of this requirement until six days after the she filed her petition when she finally got around to fulfilling her Credit Counseling Requirement. Had she made pre-petition attempts that were stymied by her lack of a credit card, perhaps the result would be different.

[emphasis added]. The Debtor admits that she did not request credit counseling services from an approved nonprofit budget and credit counseling agency prior to filing her Petition. This admission precludes the Court from granting her a temporary waiver of the credit counseling requirement.

In *Kaufman*, the Court considered a motion for reconsideration of its order dismissing a debtor's petition for failure to complete pre-petition credit counseling. Like the facts now before this Court, the debtor claimed that a sheriff's sale constituted exigent circumstances that prevented him from completing pre-petition the Credit Counseling Requirement. *Kaufman*, 2008 WL 706951, at *1. The debtor in *Kaufman* premised his motion for reconsideration on the fact that subsequent to filing his petition, he filed a certificate of credit counseling. However, as here, the certificate evidenced that the counseling was completed post-petition. Reiterating its reason for dismissing the debtor's petition, the Court rejected the motion stating "[t]he Debtor has made no representation that he attempted to obtain credit counseling services *prior to the filing of the bankruptcy case.*" *Id.* at *2.

Here, the same is true. The fact that the Debtor subsequently obtained a credit counseling certificate does not affect this analysis. Accordingly, the Debtor has failed to satisfy the second requirement of and is not eligible for a § 109(h)(3) waiver.

    c.    **The Debtor's Certification is Unsatisfactory**

The Debtor claims that her ignorance of the Credit Counseling Requirement excuses her omission. Even if her ignorance could excuse her omission, the Debtor's own filings cause this Court to doubt the Debtor's candor. Filed with her Petition was a copy of the Official Form 1, Exhibit D titled "Individual Debtor's Statement of Compliance With Credit Counseling

Requirement." Alone, the title of the document should have alerted her to the Credit Counseling Requirement. Moreover, the Debtor checked the box certifying that she had "requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request."

According to the record now before this Court, this representation was apparently untrue. Even if the statement was not an affirmative misrepresentation and the Debtor managed to read and fill out this form without being alerted to the Credit Counseling Requirement, this Court finds her excuse of ignorance to be unsatisfactory. She may not rely on ignorance caused by her own carelessness. *See In re Dillard*, Bky. No. 06-30128, 2006 WL 3658485, at *4 (Bankr. M.D. Ga. Dec. 11, 2006) (dismissing debtor's petition because of failure to request credit counseling prior to filing her petition); *Tomco*, 339 B.R. at 155 (stating a debtor may not simply stick his or her head into the sand and do nothing").

As observed by the Court in *Dillard*:

> "Debtor's failure to obtain legal advice or to take any action until the day of foreclosure, while unfortunate, does not redeem her. A debtor cannot expect to escape the requirements of the law by remaining willfully ignorant of them. In fact, the language of the statute itself-requiring the credit counseling to take place prepetition-demonstrates Congress's intent to prevent debtors from waiting until the last minute to deal with dire financial straits."

*Dillard*, 2006 WL 3658485, at *4.

Here, the Debtor did not even wait until the last minute to deal with her "financial straits." She has known that the Property was subject to foreclosure proceedings since at least March 2010 and according to her testimony has been engaged in litigation involving her Property for nearly six years. Her conduct in this case has demonstrated significant familiarity with court procedures. Moreover, the actions she undertook in the week prior to filing her Petition belie

the Debtor's avowed ignorance of the June Sale. This Court recognizes that *pro se* debtors are to be afforded wide latitude. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding papers filed by *pro se* litigant to a "less stringent standard"). However, for these reasons, this Court finds her excuse of ignorance to be without merit and finds her Certification of Exigent Circumstances to be unsatisfactory.

By failing to take any pre-petition action with regard to completing the Credit Counseling Requirement, the Debtor is unable to certify that she requested credit counseling during the 180-day, pre-petition period. As a result, she is unable to submit a satisfactory Certificate of Exigent Circumstances that would entitle her to a temporary waiver pursuant to 11 U.S.C. § 109(h)(3).

## V. **CONCLUSION**

Based on the reasons set forth above and the June 23, 2010 bench ruling, the Court finds and concludes that the Debtor is not entitled to a waiver of the Credit Counseling Requirement. Because she is not entitled to a deferral of her obligations to obtain credit counseling services, she is not eligible to be a bankruptcy debtor. Consequently, her bankruptcy case must be dismissed, and her Motion to File Under Seal denied as moot.

BY THE COURT:

Dated: July 13, 2010

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Charmaine Prater
P.O. Box 50021
Philadelphia, PA   19132

William C. Miller, Esquire
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA   19106

Frederic J. Baker
Senior Assistant U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA   19107